MARY KESSLER, Respondent, v. THE NEW YORK CENTRAL RALROAD COMPANY, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, MAY, 1872.)

A railroad company which sells passenger tickets for its own road, with the ordinary coupons attached for connecting roads, to a point beyond its own terminus, in the absence of proof of agency, as partner, or otherwise, for such roads, contracts for through transportation to that point. But the intermediate carriers are only responsible for transportation over their respective lines.

Upon a question as to the terms of the contract, in the absence of proof as to the form of ticket, it may be assumed to have been in the ordinary form, viz. : Entitling the holder to the passage on presentation of the coupons to the carriers named therein.

Kessler v. New York Central Railroad Co.

Where it was shown that the plaintiff purchased a ticket from the railroad company for conveyance over its own line, with coupons attached for connecting roads, and received on delivery of her baggage a check marked with the name of each road, and that the defendant, the last carrier, failed to deliver the baggage for the check at the point of destination,—*Held*, that there was no proof of delivery to the defendant or of loss while in its possession, and that the defendant was not liable.

THE plaintiff sued to recover a quantity of clothing belonging to herself and her husband, together with bed and table linen which she inclosed in a bag and delivered to the baggage agent of the Baltimore and Ohio Railroad Company, at the city of Washington, to be carried from that place to Buffalo.

The plaintiff purchased of that company and paid for tickets for herself over its road and the roads connecting therewith between Washington and Buffalo ; the connecting roads were the Philadelphia, Wilmington and Baltimore Railroad Company, The Camden and Amboy, the defendant and The New Jersey Transportation Company.

The plaintiff received coupon tickets for each of said roads. There was no other contract between the plaintiff or any or all of said companies than is evidenced by the tickets and the coupons thereto attached, which were delivered to the plaintiff at Washington.

After the purchase of her ticket she presented the bag containing the property above mentioned to the baggage agent and received therefor a check numbered 651, which had on it the word Buffalo and the initial letters of the names of the several railroad companies above named, with the above mentioned number and the word Washington.

The plaintiff got on to the cars on the day of the purchase of her ticket (the 29th September, 1870) and rode to Jersey City, passed over the Hudson river in a ferry-boat and took the defendant's cars between ten and eleven o'clock on the same night and rode to Buffalo, and arrived there at twelve o'clock the following day.   On her arrival she presented her check to defendant's agent and demanded her baggage, which

was not delivered, and, although often demanded, had never been delivered.

The cause was referred to a referee who found the foregoing facts and also the value of the property, and ordered judgment in favor of the plaintiff therefor. From that judgment the defendant appealed.

*A. P. Laning,* for the appellant.

*Benjamin J. Austin, Jr.,* for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

MULLIN, P. J. The Court of Appeals has decided:

1st. That it is competent for a railroad company to contract to carry passengers and freight beyond the terminus of its own line over other roads and even into other States than that in which such company is located. (*Maghee* v. *The Camden and Amboy R. R. Co.,* 45 N. Y., 514, and cases collected by ANDREWS, J., at page 518; *Burtis* v. *Buffalo and State Line R. R. Co.,* 24 id., 269; see, also, *Cary* v. *Cleveland and Toledo R. R. Co.,* 29 Barb., 35.)

2d. Where such a contract is entered into, the company thus contracting is liable for injury to the passenger and for loss or injury to his baggage over any of the roads over which such company has contracted to carry him. (*Quimby* v. *Vanderbilt,* 17 N. Y., 306; *Hart* v. *Rensselaer and Saratoga R. R. Co.,* 4 Seld., 37; *Root* v. *Great Western R. R. Co.,* 45 N. Y., 525.)

3d. Where such a contract is made, the connecting road over which the passenger is carried is only liable for loss or injury to baggage or injury to himself happening on its own road. (*Root* v. *Great Western R. R. Co., supra;* *Burtis* v. *Buffalo and State Line R. R. Co.,* 24 N. Y., 269, 272.)

4th. When no contract is made by any one of several roads to carry a passenger beyond its own line, each company is liable only for loss or injury happening on its own road, and

to render it liable for loss of or injury to baggage, it must be shown to have received it.

5th.  These principles apply to freight as well as to contracts for the carriage of passengers and their baggage.

It follows from these decisions that if any contract was made for the carriage of plaintiff from Washington to Buffalo, it was made by the Baltimore and Ohio Company, as it is not shown that the agent who sold the ticket had any authority to bind the defendant by such a contract, nor that it was a partner with the connecting companies in carrying passengers between Washington and Buffalo.  (*Hart* v. *Rensselaer and Saratoga Railroad Company*, 4 Seld., 37.)

In the absence of all evidence on the subject, except such as may be inferred from the delivery of the coupon which gave the plaintiff the right to ride over defendant's road from New York to Buffalo, the presumption would be that the Baltimore and Ohio Railroad Company had purchased of defendant such coupon or the right to issue it, and that it was delivered by that company in part performance of its contract to carry from Washington to Buffalo.  (*Quimby* v. *Vanderbilt*, 17 N. Y., 306.)

The defendant not being a party to a contract to carry plaintiff over any part of the distance beyond its own line, it is not liable for any breach of such a contract.

The question then is, did the plaintiff's baggage come into the possession of the defendant?  If it did, it was liable for its loss; if not, it was not liable.

The plaintiff had no knowledge of what became of her baggage after she delivered it to the baggage agent at Washington.

None of the agents or employes of the company, whose road terminated in Jersey City, nor any one employed in transferring baggage from Jersey City to defendant's depot in New York, testify to a delivery of said baggage to defendant's agents or employes in New York or elsewhere, nor to any facts from which such a delivery can be inferred.

It is a fact which cannot be presumed from the delivery to the baggage agent at Washington.

He was not defendant's agent for any such purpose, and there is no other fact in the case which would authorize or justify such a presumption.

If enough had been proved to authorize the presumption of a delivery to defendant, the evidence of its agent at New York would not overcome it.

It is, however, unnecessary to consider his evidence, as a delivery is not proved, and without such proof the plaintiff cannot recover of the defendant.

There is no evidence in the case as to the form or contents of the ticket delivered to plaintiff at Washington.

We may assume that the ticket was in the usual form of such tickets, setting forth that the holder of it was entitled to a passage from Washington to Buffalo, on presentation of the coupons attached to the companies named therein.

If this was the form, then it was evidence of a contract by the Baltimore and Ohio Company to carry the plaintiff the whole distance.

If it was not the form of the ticket, but the company was the agent of the several companies to sell their coupons on receiving pay therefor, then each company contracted for itself, and is not liable for a breach of the contract entered into by any other company.

There is no distinction between the liability of connecting railroad companies for the carriage of freight and that for the carriage of passengers; and no rule of law is better settled in this State than that the defendant would not be liable for the loss of plaintiff's property, had it been carried as freight, and not on a contract to carry it with plaintiff, who was a passenger.

The judgment should be reversed and a new trial ordered, costs to abide the event, and reference vacated.

Judgment reversed.